IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT R. COURTNEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-0021-CV-W-ODS |
| ) | Crim. No. 01-00253-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION DENYING (1) MOTION FOR POSTCONVICTON RELIEF AND (2) CERTIFICATE OF APPEALABILITY

Pending is Movant's application for postconviction relief pursuant to 28 U.S.C. § 2255. For the following reasons, the Motion is denied and the Court declines to issue a Certificate of Appealability.

### A.

Defendant pleaded guilty to eight counts of product tampering and twelve counts of adulteration and misbranding drugs. The charges stemmed from Defendant's intentional dilution of medication designed to treat cancer and other illnesses to the point that the treatments were either sub-therapeutic or non-therapeutic. Defendant's pharmacy practice served a great number of patients, and news of his actions garnered much publicity – not only locally or nationally, but around the world. Public interest in the sentence was of such a magnitude that there was insufficient room in the courtroom for all who wished to observe the proceedings; the Jury Assembly Room was utilized to house the overflow, where the proceedings could be watched via closed-circuit television.

The Sentencing Guidelines indicated the appropriate sentencing range was 210-262 months but the Court departed upward by adding three additional levels to the Offense Level. This resulted in a sentencing range of 292-365 months. Defendant was sentenced to 360 months imprisonment – the maximum permitted by the Plea

Agreement. The sentence was affirmed on appeal, but the Supreme Court vacated the judgment and remanded in light of its intervening decision in *United States v. Booker*. United States v. Courtney, 362 F.3d 497 (8th Cir. 2004), *vacated and remanded*, 543 U.S. 1098 (2005). On remand, the Court of appeals again affirmed the sentence. In so doing, the Eighth Circuit concluded the issue of reasonableness had been decided in the prior appeal and reinstated its prior opinion. United States v. Courtney, 412 F.3d 855, 856-57 (8th Cir. 2005), cert. denied, 126 S. Ct. 1043 (2006).

The instant application for postconviction relief focuses upon the following exchange between the Court and the Assistant United States Attorney at the sentencing hearing:

> The Court: Mr. Porter, before you leave I want to revisit this issue of what a 30-year sentence actually computes to because it is a little confusing. I want to be sure that the people in the courtroom and [on] the second floor understand. A sentence of 30 years, assuming that the defendant behaves while in the custody of the Bureau of Prisons, equates to a sentence of 25.5 years.
>
> Mr. Porter: Okay.
>
> The Court: That's one and a half years each ten years off a 30-year sentence. Mr Courtney is 50 years of age. A 30-year sentence would mean Mr. Courtney would be behind bars until age 75 plus.
>
> Mr. Porter: I think you have to take off the year he's already spent. So it would be somewhere between 73 and 74.
>
> The Court: All right. Thank you very much.

Sentencing Tr. at 95. Movant contends the Bureau of Prisons ("BoP") later prepared a Sentence Monitoring Computation Data Sheet indicating he will serve 26 years and two months even if he receives all the credits to which he is entitled.

The seeming discrepancy between the verbal exchange at sentencing and the BoP's calculations led Movant to raise two arguments. First, he contendd that if a thirty-year sentence with a potential effective service time of 25.5 years was "sufficient, but no

2

greater than necessary" to meet the sentencing objectives outlined in 18 U.S.C. § 3553(a), then a thirty-year sentence with a potential effective service time of 26 years and two months must be greater than necessary to meet those objectives. Second, and alternatively, Movant speculates the undersigned would have sentenced him to less than thirty years if the BoP's calculation had been known at the time.

A great many arguments have been presented by both sides, but many of them do not need to be addressed.[1] Regardless of whether one views Movant as seeking a second review of the reasonableness of his sentence, his claims lack merit.

First, the sentence imposed is the term declared by the Court; in this case, the sentence is thirty years. The sentence imposed is not the term declared by the Court adjusted by non-judicial determinations; thus, in this case, the sentence is not thirty years with the possibility for less upon good behavior. Indeed, the lengthy list of factors Congress has commanded sentencing courts to consider makes no mention of the potential for time off for good behavior. 18 U.S.C. § 3553(a)(1). No legal decision – including the one issued by the Court of Appeals – characterizes the "sentence" imposed in the manner posited by Movant. E.g., 362 F.3d at 500 ("The district court departed upward by three offense levels to level forty, which carries a Guidelines imprisonment range of 292-365 months, *and imposed a 360-month prison sentence* within that range.") (emphasis added). If Movant were correct, sentencing courts would be required to consider the "effective potential" of the sentence imposed, but this requirement does not exist anywhere in the law. The sentence imposed in this case was thirty years, and this sentence has been held to be reasonable.

Movant's second argument relies on cases requiring sentencing courts to have accurate information, and speculates the Court would have imposed a lesser sentence if it had known Movant was eligible to earn eight months less credit than indicated at sentencing. There is no need for speculation: the undersigned was the sentencing

---

[1] The Government also contends the claims have been procedurally defaulted. However, it is easier to address the merits (or lack thereof) than the potential default. See, e.g., Pilkerton v. Groose, 30 F.3d 1009, 1010 (8th Cir. 1994); McKinnon v. Lockhart, 921 F.2d 830, 833 n.7 (8th Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

3

judge, and the undersigned is well-acquainted with his own thought processes. Movant is mistaken; the potential for good behavior credits, and the amount of those credits, was not of concern to the Court in determining a reasonable sentence. The Court's sole interest in discussing the topic was to educate those in attendance in the courtroom and in the Jury Assembly Room – and the public at large – what the true ramifications of the sentence would be. Given the aforementioned unusual public interest in the case, the Court believed it appropriate to explain to those interested that a sentence of thirty years in the federal system carried no possibility of parole, and the only avenue for early release – good behavior – would still require Movant to serve a substantial majority of his sentence. The Court was **_NOT_** endeavoring to fashion a sentence that would allow Movant to be released in 25.5 years if he behaved.[2]

Movant's arguments flow from flawed premises. The apparent discrepancy in calculations of potential good behavior credits do not mean the sentence imposed was unreasonable as a matter of law. Moreover, the discrepancy had no effect on the undersigned's decision to sentence Movant to thirty years of imprisonment.

B.

In order to appeal, Petitioner must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion because the issues are fresh in the Court's mind and efficiency is promoted. Should Movant's counsel believe additional issues should be included in the Certificate of Appealability, counsel should file a

---

[2]Further insight into the Court's thinking can be gleaned from the Order Specifying Reasons for Upward Departure. The Court discussed four different bases for departing above the Guidelines, and concluded any one of the four would justify at least a three-level increase. United States v. Courtney, 240 F. Supp.2d 1052, 1055 (W.D. Mo. 2005). This analysis would lead one to think a twelve-level departure was justified, but the Court departed only three levels because further departures could not affect the sentence in light of the cap agreed to in the Plea Agreement. That said, the Court will also say that it was not the least bit concerned about whether Defendant served 25.5 years or slightly more than 26 years of the 30-year sentence.

4

request specifying the issues that should be included and the reasons for doing so. Any such request will be considered *de novo* in light of the fact that this Order has been issued *sua sponte*.

28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b).

Reasonable jurists could not conclude the reasonableness of Movant's sentence is affected by the amount of good-behavior credits he could earn. With respect to the suggestion that the available amount of credits were of importance, or even a factor, in the sentencing court's determination, further proceedings are not warranted. Indeed, at best this argument would lead to Movant's resentencing, and the Court can state the issues discussed herein would not persuade the Court to impose a sentence less than thirty years.

IT IS SO ORDERED.

DATE: May 16, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT